IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT KOTSUR, on behalf of himself and all others similarly situated, | : : : | |
| Plaintiff, | : : | |
| | : | CIVIL ACTION |
| v. | : : | |
| GOODMAN GLOBAL, INC., GOODMAN MANUFACTURING COMPANY, L.P., and GOODMAN COMPANY, L.P., | : : : | No. 14-1147 |
| | : | |
| Defendants. | : | |

**NORMA L. SHAPIRO, J.**                                                                 **November 17, 2014**

**MEMORANDUM AND ORDER**

Plaintiff Robert Kotsur filed a class action on behalf of himself and all other similarly situated Pennsylvania residents who purchased a Goodman Unit for primarily personal, family or household purposes against defendants Goodman Global, Inc., Goodman Manufacturing Company, L.P., and Goodman Company, L.P ("Goodman") in the Court of Common Pleas of Bucks County, Pennsylvania.[1] *See* Complaint (paper no. 1, Ex. A). In his complaint, plaintiff alleged four counts: (1) breach of express warranty, (2) breach of implied warranty of merchantability, (3) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat §§ 201-1, *et seq.*, and (4) unjust enrichment. *Id.* Defendants removed this action to the United States District Court for the Eastern District of Pennsylvania pursuant to the Class Action Fairness Act ("CAFA"). *See* Notice of Removal (paper no. 1). Removal to the

---

[1] The court will refer to defendants collectively as "Goodman."

1

Eastern District of Pennsylvania is proper because this district includes Bucks County, Pennsylvania. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 118(a) (providing that the Eastern District includes Bucks County). There has been no dispute Pennsylvania law applies.

The court, *sua sponte,* considered if there was jurisdiction under CAFA after plaintiff withdrew his objection to federal jurisdiction. The court must consider whether it has jurisdiction even if neither party has raised the issue. *See Philbrook v. Glodgett*, 421 U.S. 707, 721 (1975). The court ordered the parties to complete limited discovery on diversity jurisdiction and to brief the issues relevant to jurisdiction under CAFA. *See* Order (paper no. 26), Order (paper no. 48). The court held a status conference on October 15, 2014 to consider jurisdiction. *See* Status Conference (paper no. 61).

I.   BACKGROUND

Plaintiff alleged on or about December 28, 2009 he purchased a new home "which had been built equipped with a Goodman Unit." Complaint ¶ 69 (paper no. 1, Ex. A). Plaintiff's Goodman Products came with a "Limited Warranty" which provided, "This heating or air conditioning unit is warranted by Goodman Manufacturing Company, L.P. ("Goodman") to be free from defects in materials and workmanship that affect performance under normal use and maintenance." *See* Limited Warranty (paper no. 5, Ex. A). The Limited Warranty also stated, "Goodman will furnish a replacement part, without charge for the part only, to replace any part that is found to be defective due to workmanship or materials under normal use and maintenance...These warranties do not apply to labor, freight, or any other cost associated with the service, repair or operation of the unit." *Id.*

Plaintiff alleged the Goodman Units contain defective evaporator coils that "improperly

and prematurely leak refrigerant (a.k.a. Freon) under normal use." *Id.* at ¶ 2. Plaintiff alleged he began to have problems with his Goodman Unit in or about May 2011 when his Goodman Unit failed to cool his home. Complaint ¶ 70 (paper no. 1, Ex. A). A technician found his Goodman Unit was low on refrigerant but could not locate a leak. *Id.* at ¶ 70. The technician charged plaintiff for adding refrigerant to the system and pumping it with nitrogen in an effort to seal leaks. *Id.* at ¶ 70. In or about May 2013, and in or about July 2013, plaintiff's unit again failed to cool his home and plaintiff incurred charges for adding refrigerant to his unit. *Id.* at ¶¶ 71-72. In or about August 2013, plaintiff's unit failed to cool his home and the technician determined there was a leak in the evaporator coil of his Goodman Unit after performing a leak detection dye test. *Id.* at ¶ 73. Pursuant to Goodman's warranty, the technician returned plaintiff's defective evaporator coil to Goodman in exchange for a new evaporator coil and installed the new evaporator coil. *Id.* at ¶ 74. Goodman provided the new evaporator coil free of charge, but did not cover the labor and refrigerant costs associated with removal of the allegedly defective evaporator coil and installation of the new evaporator coil. *Id.*

II.     **LEGAL STANDARD**

This court has jurisdiction over plaintiff's class action if the requirements of CAFA are satisfied. CAFA vests original jurisdiction in a federal district court over an action filed in federal court or the defendant's removal to federal court of a class action before or after the entry of a class certification order**.** 28 U.S.C. § 1332(d)(8). CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). "In removal cases, we begin evaluating jurisdiction by

reviewing the allegations in the complaint and in the notice of removal." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (2009). CAFA provides federal jurisdiction for a class action if: (1) the proposed class has at least 100 members; (2) the parties are minimally diverse; and (3) the aggregate of claims exceeds the sum or value of five million dollars, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(2)(A), and (d)(5)(B).

**III.   DISCUSSION**

Plaintiff filed a state court "class action" as defined by CAFA since it was filed pursuant to Pennsylvania Rule of Civil Procedure 1702. *See* Complaint ¶¶ 81-86 & p. 27 (paper no. 1, Ex. A); *Erie Ins. Exchange v. Erie Indem. Co.*, 722 F.3d 154, 159-160 (3d Cir. 2013) (" Rules 1701 through 1704 of the Pennsylvania Rules of Civil Procedure contain specific requirements for a lawsuit to be brought as a class action, many of which mirror the requirements of Rule 23."). CAFA defines class members to include those persons "who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

In the complaint, plaintiff proposes a class of "All persons residing in the Commonwealth of Pennsylvania who purchased a Goodman Unit since January 2007 for primarily personal, family or household purposes, and not for resale." Complaint ¶ 79 (paper no. 1, Ex. A).

**A.   Proposed Class has at Least 100 Members**

Plaintiff alleged "the class is comprised of at least thousands of members geographically dispersed throughout the Commonwealth of Pennsylvania," although the exact number of class members is unknown at present. Complaint ¶ 81 (paper no. 1, Ex. A). In the notice of removal to federal court, defendants alleged the requirement that the number of class plaintiffs must exceed 100 "is easily demonstrated by Plaintiff's assertion [in the complaint]." Notice of Removal ¶ 8

(paper no. 1). In an exhibit attached to defendants' brief in support of the court's subject matter jurisdiction, the defendants reveal under seal the number of warranty claims made on evaporator coils in Pennsylvania between 2006 and 2014. *See* Declaration of Marshall Blackham (paper no. 59, Ex. B). Plaintiff's proposed class thus satisfies the CAFA requirement the putative class include at least 100 members.

      **B.**    **Parties are Minimally Diverse**

Plaintiff, the putative class representative and class member, is a citizen of Pennsylvania. Complaint ¶ 8 (paper no. 1, Ex. A). Goodman Global, Inc., the parent company of defendants, is a Delaware corporation with its principal place of business in Texas. *Id.* at ¶ 9. Because defendant Goodman Global, Inc. is a citizen of Delaware and Texas and plaintiff is a citizen of Pennsylvania, the CAFA requirement the parties be minimally diverse is satisfied.[2]

      **C.**    **Amount in Controversy Exceeds the Sum or Value of $5 Million**

In determining whether the amount in controversy exceeds the jurisdictional minimum, a court should begin its assessment by looking to the original complaint. *See Angus v. Shiley, Inc.*,

---

[2] The "local controversy" and "home state" exceptions to federal subject matter jurisdiction do not apply. *See* 28 U.S.C. §1332(d)(4)(B) and 28 U.S.C. §1332(d)(4)(A). CAFA deems a suit by an unincorporated association to be treated similar to a suit by a corporation in that citizenship of an unincorporated association for diversity purposes is where the entity has its principal place of business and the State under whose laws it is organized instead of the citizenship of its members. *See* 28 U.S.C. §1332(d)(10); *see also Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 161 n.7 (3d Cir. 2013).

    Goodman Manufacturing Company, L.P. is a limited partnership comprised of one general partner and two limited partners. Notice of Removal ¶ 16 (paper no. 1). The general partner, Goodman Holding Company, is a Texas corporation with its principal place of business in Texas. *Id.* The first limited partner, Goodman Appliance Holding Company, is a Texas corporation with its principal place of business in Texas. *Id.* The second limited partner, Daikin North America LLC, is a Delaware limited liability company with its principal place of business in Texas. *See* November 14, 2014 Letter from Defense Counsel Addressing the Corporate Citizenship of the Goodman Defendants. The sole member of Daikin North America LLC is Goodman Global Holdings, Inc., a Delaware corporation with its principal place of business in Texas. *Id., see also* Notice of Removal ¶ 16 (paper no. 1).

    Goodman Company, L.P. is a limited partnership comprised of one general partner and one limited partner. Notice of Removal ¶ 17 (paper no. 1). The general partner, Goodman Holding Company, is a Texas corporation with its principal place of business in Texas. *Id.* The limited partner is defendant Goodman Manufacturing Company, L.P. discussed above. *Id.*

989 F.2d 142, 145 (3d Cir. 1993). Following removal, "a plaintiff cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor." *See Angus*, 989 F.2d at 145. Federal courts can calculate the amount in controversy of a putative class action before certifying the class. *See* 28 U.S.C. §§ 1332(d)(6), 1332(d)(8) ("This subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action"). *See also Sunshine v. Reassure America Life Ins.* Co., 616 Fed. Appx. 140, 143 (3d Cir. 2013); *Hoffman v. Nutraceutical Corp.*, 563 Fed. Appx. 183 (2014). The Third Circuit Court of Appeals explained, "The nature of plaintiffs' claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed." *Westmoreland Hospital Association. v. Blue Cross of Western Pennsylvania*, 605 F.2d 119, 123 (3d Cir. 1979). Where the plaintiff does not specifically aver in the complaint the amount in controversy is less than the jurisdictional minimum, remand is appropriate only "if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

      Plaintiff's complaint avers he paid $2,052.07 for service and repairs of defects in his Goodman Unit between May 2011 and August 2013. *See* Complaint ¶¶ 69-74 (paper no. 1, Ex. A). Included in that amount, plaintiff spent $1,091.51 in or about August 2013 specifically for a service call detecting a leak in the unit and the service necessary to install a new evaporator coil and to add refrigerant to the system. *Id.* at ¶¶ 73-74. Goodman provided the plaintiff with a new evaporator coil free of charge. *Id.* at ¶ 74. Plaintiff alleged his claims are typical of the members of the class as all members of the class are similarly affected by Goodman's actionable conduct. *Id.* at ¶ 84. He alleged the costs associated with repairing and replacing the defective evaporator

6

coil can exceed $1,000, as much as it can cost to purchase an entirely new Goodman Unit. *Id.* at ¶ 52.

In the defendants' notice of removal to federal court, defendants alleged the amount in controversy "will clear a $5 million hurdle." *See* Notice of Removal ¶ 10 (paper no. 1). Defendants alleged the amount in controversy would exceed $803 million based on plaintiff's pleadings by multiplying $2,052.07 in total compensatory damages plaintiff incurred for service and repairs by the putative 391,313 class members sold residential air conditioners in Pennsylvania for personal, family, or household purposes. *Id* at ¶ 11.

Plaintiff alleged, among other claims, Goodman violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). 73 Pa. Stat. §§ 201-1, *et seq*. The court is allowed to award treble damages under the UTPCPL and thus must consider this claim when evaluating whether the amount in controversy requirement under CAFA would be satisfied. 73 Pa. Stat. § 201-9.2. The general purpose of the UTPCPL is to prevent and deter fraud and unfair or deceptive business practices. *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 564 (3d Cir. 2008).

To establish a private right of action under the Pennsylvania UTPCPL, a plaintiff must allege justifiable reliance, causation and damages. *See Weinberg v. Sun Co., Inc.*, 777 A.2d 442, 446 (Pa. 2001). The Third Circuit Court of Appeals has interpreted "the justifiable-reliance standing requirement to apply to *all* substantive sections of the Consumer Protection Law." *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 224 (3d Cir. 2008). Class certification is not appropriate "if proof of the essential elements of the cause of action requires individual treatment." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 172 (3d Cir. 2001). UTPCPL claims

are unsuitable for class treatment because levels of reliance, causation, and damages vary between each individual private plaintiff. *See Weinberg*, 777 A.2d at 446. Plaintiff's claim under the UTPCPL cannot be included in the putative class action since it is a legal certainty the Pennsylvania UTPCPL requires individualized analyses of each class member's reliance, causation, and damages. Consequently, treble damages under the UTPCPL have not been considered in evaluating whether the amount in controversy is satisfied under CAFA.

Based on plaintiff's allegations in the complaint concerning the putative class and the damages sought on behalf of the class, the court is satisfied it does not appear from the complaint to a legal certainty the putative class cannot recover the jurisdictional minimum amount.

## IV. CONCLUSION

This court has jurisdiction over this action. The action will not be remanded and may proceed to the substantive issues after determining what, if any, class will be certified. An appropriate order follows.